IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BEN WHITFIELD,

        Petitioner,

vs.                                            Case No. 09–cv–678–DRH

DONALD GAETZ,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      Before the Court is petitioner Ben Whitfield's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was incarcerated at Menard Correctional Center at the time he filed his petition but was subsequently transferred to Western Illinois Correctional Center (Doc. 22) and has since been released from prison (Doc. 23). Petitioner is also not serving parole. At the time his petition was filed, petitioner was serving twenty-five years in prison on a charge of home invasion, a Class X felony as well a year term, to run consecutively for two counts of aggravated battery (Doc. 10 at pp. 1-2).

      Whitfield filed a habeas petition on August 31, 2009, seeking his immediate release from prison as he had been denied earned good conduct credit which he alleged he was entitled. Specifically, petitioner alleged that he was entitled to additional earned good conduct credit at a rate of .50 a day under the Illinois Administrative Code which awards additional earned good conduct credit for

participating in certain work, education, or substance abuse programs. 20 Ill.Admin.Code § 107.520(a); 730 ILCS 5/3-6-3(a)(4); 730 ILCS 5/5-4-1(c-2). Petitioner stated that IDOC had denied him his additional good time credit because he was serving a Class X felony. 20 Ill.Admin.Code § 107.520(a)(4). Petitioner argues, however, that as the Administrative Code provisions did not become effective until August 20, 1995, and only applies to offenses committed after June 19, 1998, Petitioner is eligible to receive additional good time credit because his offense was committed on December 7, 1994, before the provisions of the code went into effect. 20 Ill.Admin.Code § 107.520(a)(5) (prohibiting the award of additional good time credit when an individual is convicted of, among other things, home invasion committed after August 20, 1995). Petitioner maintains that he has participated in a number of programs which have made him eligible for extra good time credit but IDOC has continued to deny him eligibility to receive extra good time. Respondent has filed an Answer to the petition (Doc. 10). Respondent argues that the petition is procedurally defaulted and that Section 107.520(a)(5) does not overrule Section 107.520(a)(4)'s provision prohibiting additional good time credit for individuals, like petitioner, who were convicted of Class X felonies. Section 107.520(a)(4) does not have an enacted date for the commission of a Class X felony. Petitioner has filed a Reply brief (Doc. 16). However, subsequent to the petition becoming ripe, petitioner was released from prison (Doc. 23). As stated previously, he is also not serving parole.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a

prisoner" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 99 S.Ct. 1556, 20 L.Ed.2d. 554 (1968) and *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Therefore, an inmate who is released while his petition for writ of habeas corpus is pending, meets the "in custody" requirement; his release doe not necessarily render his petition moot.

However, to remain valid, a petition must present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). After a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued case or controversy. *Spencer*, 523 U.S. at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). In other words, a petition for habeas corpus does not necessarily become moot upon a petitioner's release from prison, "if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss,*, 381 F.3d 637, 640 (7th Cir. 2004).

Here, the record does not disclose, nor does petitioner identify any such collateral consequence. Whitfield has been released from IDOC custody nor does it appear that he is currently on parole. Even if the Court found merit in his claims, it could no longer afford petitioner the relief he requests, immediate release from prison, or any other effective relief as petitioner is no longer in custody. The Court cannot award him back days he believes he earned as his sentence is complete. Thus, the petition, which seeks his immediate release from prison, does not present a live case or controversy. Nor does it appear that petitioner suffers from any collateral consequences which would prevent the petition from being rendered moot. *Spencer*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43; *Cochran*, 381 F.3d at 640 (collateral consequences presumed when petitioner is challenged underlying criminal conviction).

Accordingly, the Court **DENIES AS MOOT** Petitioner's habeas corpus petition and **DISMISSES the case without prejudice**. The Court will close the file.

**IT IS SO ORDERED.**

**DATED:** August 27, 2012

Digitally signed by David R. Herndon
Date: 2012.08.27 11:09:13 -05'00'

Chief Judge
United States District Court